Case 5:25-cv-00104   Document 14   Filed on 08/28/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
August 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **ISRAEL ADONAY SAGASTIZADO SANCHEZ,** | § § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 5:25-CV-104 |
| **KRISTI NOEM, et al.,** | § § § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner's Motion for Leave to Serve Document Request, (Dkt. No. 8). Petitioner seeks to conduct limited discovery in order to respond to the Government's Motion to Dismiss. (Dkt. No. 7). The request for production includes "[a]ll Communications to or from any Third-Country Government, regarding accepting Petitioner for removal; including but not limited to any formal or informal request for travel documents from the Third-Country Government, and any formal or informal response thereto." (Dkt. No. 8-1 at 3). The Government does not oppose the motion. (Dkt. No. 13).

On June 25, 2025, Petitioner filed a Petition for Writ of Habeas Corpus. (Dkt. No. 1). The Court ordered the Government to respond. (Dkt. No. 3). The Government filed, and the Court granted, a Motion for Extension of Time. (Dkt. No. 5). On August 8, 2025, the Government filed a Motion to Dismiss. (Dkt. No. 7). On August 16, 2025, Petitioner then filed the instant Motion for Leave to Serve Document Request. (Dkt. No. 8). Petitioner then filed, and the Court granted, a motion to suspend the deadline to respond to the Motion to Dismiss while the discovery motion is pending before the Court. (Dkt. No. 9; Dkt. No. 11). The Court ordered the Government to respond to the Motion for Leave to Serve Document Request, (Dkt. No. 12), and the Government responded as unopposed to the motion, (Dkt. No. 13).

The Rules Governing Section 2254 ("Habeas Rules") apply to the present Section 2241 habeas petition, (Dkt. No. 1). This case is subject to Habeas Rule 1(b) because it involves a habeas corpus petition arising under Section 2241. *See, e.g.*, *Ndudzi v. Castro*,

No. SA-20-CV-0492, 2020 WL 3317107, at *3 (W.D. Tex. June 18, 2020).

A petitioner seeking a writ of habeas corpus is not "entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Habeas discovery is governed by Habeas Rule 6 and is much narrower than discovery under the Federal Rules of Civil Procedure ("FRCP"). *Id.* Under Habeas Rule 6, a petitioner is only entitled to habeas discovery upon (1) demonstrating "good cause" and (2) specifying the discovery needed. *See* Habeas Rule 6(a)–(b). A petitioner has demonstrated "good cause" where the "'specific allegations before the court show reason to believe that a petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *United States v. Fields*, 761 F.3d 443, 478 (5th Cir. 2014) (quoting *Bracy*, 520 U.S. at 904).

Based on the reasons asserted in Petitioner's motion, the Court finds that Petitioner has demonstrated good cause to support the motion. (*See* Dkt. No. 8 at 2–3). Petitioner also sufficiently specifies the discovery needed. (*See* Dkt. No. 8-1). Habeas Rule 12 states that FRCP rules, "to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." No specific Habeas Rules apply to requests for production, so FRCP rules will apply. FRCP Rule 34 sets out the scope and procedure for the production of documents, which is what Petitioner seeks to request. (Dkt. No. 8-1). The Court finds that the request for production falls within the scope of Rule 34 and is sufficiently specific to describe the discovery needed. Under FRCP Rule 34, a party generally must respond to a production request within 30 days of service, but the Court can order a shorter period of time to respond. Fed. R. Civ. P. 34(b)(2)(A).

Accordingly, Petitioner's Motion for Leave to Serve Document Request, (Dkt. No. 8), is **GRANTED**. Because this petition is time sensitive, the Court **ORDERS** the Government to respond to the document request **no later than September 11, 2025**. With respect to Petitioner's new deadline to respond to the Respondents' Motion to Dismiss, (Dkt. No. 5), Petitioner is **ORDERED** to respond **by September 25, 2025**.

It is so **ORDERED**.
**SIGNED** on August 28, 2025.

_____
John A. Kazen
United States District Judge